UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JERMAINE E. THORPE,**

        **Plaintiff,**

    v.

**MUSKINGUM COUNTY JAIL, OHIO,** *et al.*

        **Defendant.**

**Case No. 2:22-cv-2110**
**Judge Edmund A. Sargus, Jr.**
**Magistrate Judge Kimberly A. Jolson**

## REPORT AND RECOMMENDATION

Jermaine E. Thorpe, then a pre-trial detainee at the Muskingum County Jail, submitted a pro se civil rights complaint to this Court on May 2, 2022. (Doc. 1, PageID 5). He did not, however, pay the filing fee required to commence this action or file an application to proceed *in forma pauperis* and without the prepayment of fees.

On May 11, 2022, this Court ordered Thorpe to either pay the filing fee required to commence this action, or to file an application to proceed *in forma pauperis* consistent with the Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C. § 1915(a)-(h). (Doc. 2).

In a letter dated May 18, 2022, Thorpe notified this Court that he has completed his application to proceed *in forma pauperis*, but that jail officials refuse to sign the required certificate concerning his inmate trust fund account. (Doc. 4 (listed on the docket as a "Motion for Application and Affidavit Paper to Proceed without Prepayment of Fees Paper")). On June 21, 2022, this Court ordered the Muskingum County Sheriff to ensure that the Jail Cashier processed Thorpe's request for a signed and certified copy of his trust fund account statement within fourteen days, or to show cause why jail officials have failed to do so. (Doc. 5). There has been no response

to this Order, and Thorpe's application to proceed *in forma pauperis* has not been filed with the Court. The filing fee has not been paid.

On July 28, 2022, this Court issued an Order noting that Thorpe may no longer be detained at the Muskingum County Jail, and that an inmate trust fund account statement may not be available. (Doc. 6, citing Inmate Registry, available at https://www.ohiomuskingumsheriff.org/Divisions/Jail/Inmate-Registry/ (accessed July 27, 2022)). The Court ordered Thorpe to either to pay $402 ($350 filing fee plus $52 administrative fee), or to submit to the Court a properly supported *in forma pauperis* application within fourteen days if he intended to proceed with this case. (Doc. 6). The Court specifically advised Thorpe that if he "fails to comply with this Order, the Court shall dismiss this case for want of prosecution." (*Id*.). A copy of the Order was sent to Plaintiff at two addresses, and a blank copy of the *in forma pauperis* application form was provided for his convenience. The mail sent to Plaintiff at the Muskingum County Jail was returned to this Court as undeliverable (Doc. 7), but the mail sent to Plaintiff at his apparent home address was not.

"When a prisoner files a complaint in the district court, the inmate must either pay the entire filing fee, or request leave to proceed *in forma pauperis* 'without prepayment of fees or security therefor' under 28 U.S.C.A. § 1915(a)(1)." *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131 (6th Cir. 1997). "Submission of a sufficient affidavit and a certified trust fund account in accordance with [§ 1915(a)(2)] are statutory requirements for proceeding *in forma pauperis*." *McCullough v. Fed. Bureau of Prisons*, No. 13-10282, 2013 WL 2147001, at *1 (E.D. Mich. May 16, 2013) (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997) (overruled on other grounds)). The United States Court of Appeals for the Sixth Circuit has described the Court's

responsibility when an individual has failed to pay the filing fee or submit the required forms as follows:

> If an inmate not paying the full filing fee fails to provide an affidavit of indigency or trust account statement, the district court shall notify the prisoner of the deficiency and the prisoner shall have thirty (30) days from the date of the deficiency order to correct the error or pay the full filing fee. If the prisoner does not comply with the district court's directions, the district court shall presume that the prisoner is not a pauper, and assess the inmate the full amount of fees. The district court must then order the case dismissed for want of prosecution.

*In re Prison Litig. Reform Act*, 105 F.3d at 1132.

Plaintiff was a prisoner when he submitted the Complaint, and thus is subject to the requirements of the PLRA. (Doc. 1, PageID 3). *See* 28 U.S.C. § 1915(h) (defining "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."). Plaintiff may no longer be a prisoner, but he is still required to comply with the orders of this Court.

To date, Plaintiff has not responded to the Court's July 28 Order and has not paid the fee to commence this action or filed an *in forma pauperis* application of any kind. He has not taken any action in the case since he submitted the May 18, 2022 letter. (Doc. 4). The Undersigned therefore concludes that Plaintiff has failed to prosecute his case. It is **RECOMMENDED** that this action be **DISMISSED** without prejudice for failure to prosecute.

Should the District Judge adopt this recommendation, the Undersigned further **RECOMMENDS** that the District Judge find that any appeal in this matter by Plaintiff would not be taken in good faith, and that Plaintiff may not proceed on appeal *in forma pauperis*.

3

**Notice Regarding Objections to this Report and Recommendation**

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it within **FOURTEEN (14) DAYS** after being served with a copy thereof. Fed. R. Civ. P. 72(b). All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the 14-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

Dated: August 17, 2022      /s/ Kimberly A. Jolson
                            KIMBERLY A. JOLSON
                            UNITED STATES MAGISTRATE JUDGE